IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) No. 16 MC 261 |
| | ) |
| SUPPRESSED. | ) Magistrate Judge Young B. Kim |
| | ) |
| Defendant. | ) |

## CHICAGO TRIBUNE'S MOTION TO INTERVENE AND TO UNSEAL PUBLICALLY DISCLOSED 2016 SEARCH WARRANT AFFIDAVIT

NOW COMES Chicago Tribune Company, LLC ("Tribune"), by its undersigned attorneys, pursuant to Federal Rule of Civil Procedure 24(b)(2), and moves this Honorable Court to allow Tribune to intervene in this matter for the limited purpose of objecting to the continued sealing of a document filed in this case—specifically, a 2016 FBI affidavit ("Affidavit") that was the basis for this Court's approval of search warrants for Chicago Alderman Danny Solis' home and offices. The contents of the Affidavit are in the public domain, having been obtained, and made the subject of a series of news reports, by the Chicago Sun-Times. There is no basis for barring public access to this document now that the proverbial cat is out of the bag—and continued sealing violates the First Amendment and common law access rights.

In support of this Motion, Tribune states as follows:

1. Tribune publishes the daily *Chicago Tribune*, which, for more than a century, has reported on newsworthy events and matters of public concern in the Chicago metropolitan area and beyond. The news media's First Amendment and common law rights to obtain access to judicial proceedings and records is long-standing and especially critical in criminal proceedings. In seeking to assert the right of public access to court proceedings and judicial records, Tribune acts as "surrogate[] for the public," *Richmond Newsp., Inc. v. Virginia*, 448 U.S. 555, 573 (1980), and "'must be given an opportunity to be heard,'" via intervention. *Globe Newsp. Co. v.*

*Super. Ct. for Norfolk*, 457 U.S. 596, 609 n. 25 (1982) (citation omitted); *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998) (recognizing right of newspapers to intervene for access).

2. Tribune seeks to intervene in order to challenge the continued sealing of the Affidavit, filed by the government in 2016 "to win approval for search warrants" for Alderman Solis' home and offices "after secretly listening in on thousands of the alderman's cellphone calls." Tim Novak, "Brian Hynes: The political insider in the middle of FBI's Solis investigation," *Chicago Sun-Times*, Feb. 1, 2019. As publicly reported, the Chicago Sun-Times ("Sun-Times") is in possession of a copy of the "120 page Affidavit" and has reported extensively on its content.

3. In a series of articles published the last week of January 2019, the Sun-Times has reported substantial details from the Affidavit—which "shows federal investigators listened in on more than 18,000 conversations on one of Solis' cellphones over the course of at least a year, while also conducting surveillance of his private meetings and trips to massage parlors." Jon Seidel, Fran Spielman, Mark Brown and Tim Novak, "Viagra, sex acts, use of a luxury farm: Feds detail investigation of Ald. Solis," *Chicago Sun-Times*, Jan. 29, 2019.[1]

4. As described by the Sun-Times, the "120 page affidavit" reveals allegations of official corruption based on conversations captured on tape—and explains why Solis "agreed to spend more than two years cooperating in a federal investigation" of Alderman Ed Burke, "during which he is known to have secretly recorded at least a dozen conversations" with Burke. (*Id.*)[2]

---

[1] Copies of the Sun-Times articles referenced herein are attached hereto as Exhibit A.

[2] "Federal investigators have focused on Burke allegedly using his influence as chairman of the City Council's Finance Committee to drum up property tax appeal business for his private law firm." Fran Spielman and Jon Seidel, "Solis secretly recorded fellow Ald. Burke to help feds in criminal investigation," *Chicago Sun-Times*, Jan. 23, 2019.

5.  The Sun-Times articles "detail a federal corruption case against the veteran alderman," Solis, "who was one of the closest City Council allies of Mayor Rahm Emanuel and Emanuel's predecessor, Richard M. Daley" (*id.*), as well as questionable conduct by other prominent Illinois politicians captured on the tapes described in the Affidavit. For example:

- "Retiring Ald. Danny Solis (25th) received sex acts, Viagra, free weekend use of an Indiana farm once owned by Oprah Winfrey and a steady stream of campaign contributions in exchange for shepherding official City Council actions, according to allegations in a federal court affidavit obtained by the Chicago Sun-Times." (*Id.*)

- "The 120-page affidavit obtained by the Chicago Sun-Times describes nearly $17,000 in personal expenses appearing on a credit card account for Solis' 25th Ward Regular Democratic Organization for trips to a hair salon, toddler clothes and school tuition." (Jon Seidel, "Feds: Solis used campaign cash for tuition, toddler togs, trips to Mario Tricoci," *Chicago Sun-Times*, Jan. 30, 2019).

- "[The Affidavit] also alleges that among the people recorded as part of the Solis investigation was Illinois House Speaker Michael Madigan, D-Chicago, the longest-serving state House speaker in the country." (Jon Seidel, Fran Spielman, Mark Brown and Tim Novak, "Viagra, sex acts, use of a luxury farm: Feds detail investigation of Ald. Solis," *Chicago Sun-Times*, Jan. 29, 2019).[3]

6.  A long line of Supreme Court decisions recognize a *presumptive* First Amendment right of public access to the criminal justice system. *See, e.g., Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 508-10 (1984) ("*Press-Enterprise I*"); *Waller v. Georgia*, 467 U.S. 39, 44-45 (1984). In addition to the First Amendment, the public also has a common law right of access to court files. *Nixon v. Warner Comm'cns*, 435 U.S. 589, 597 (1978). There is likewise a "strong presumption in support of the common law right to inspect and copy judicial records," *United States v. Edwards*, 672 F.2d 1289, 1294 (7th Cir. 1982), which "has been characterized as

---

[3] *See also* Jon Seidel, Tina Sfondeles and Fran Spielman, "FBI secretly recorded Mike Madigan at his law office pitching firm's services," *Chicago Sun-Times*, Jan. 29, 2019 ("The FBI secretly recorded Illinois House Speaker Michael Madigan trying to get business for his private law firm from a developer brought to him by Ald. Danny Solis, who was weighing the developer's request to build a hotel in Chinatown, according to a federal court affidavit obtained by the Chicago Sun-Times").

- 3 -

fundamental to a democratic state." *In re Continental Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).

7. The First Amendment-based presumption of access can be overcome ***only*** by a showing that closure "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise I*, 464 U.S. at 510. To justify secrecy, a trial court must:

(1) identify an overriding interest requiring denial of access;

(2) narrowly tailor the order to protect that interest (and, in doing so, specifically consider alternatives to denying access); and

(3) make specific findings adequate to support the decision that denying access is the only alternative that can serve that interest. *Id.*

8. The common law presumption is equally as strong, and only can be overcome by a showing that the party seeking access to judicial records is doing so to use those records for "improper purposes"; "[a]ny doubts must be resolved in favor of disclosure." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994); *Nixon*, 435 U.S. at 598.[4]

9. On the whole, whether it is the First Amendment or common law, "[o]vercoming the presumption [of access] . . . is a formidable task. The court must be 'firmly convinced that disclosure is inappropriate before arriving at a decision limiting access.'" *Associated Press*, 162

---

[4] At least one court in this district has concluded that "there is no first amendment right of access to an affidavit filed in support of a search warrant" and instead "the only right of access is via the common law right of access to judicial records as established in *Nixon*. . . ." *Matter of Search of Eyecare Physicians of Am.*, 910 F. Supp. 414, 415 n. 2 (N.D. Ill. 1996). The Seventh Circuit has not addressed that question. *See id.* at 421 ("The Seventh Circuit has not addressed the issue of access to search warrant materials although it is likely that it would recognize a common law right of access in light of *Corbitt*, where the court held a common law right of access attached to pre-sentence investigation reports") (citing *United States v. Corbitt*, 879 F.2d 224 (7th Cir. 1989)).

F.3d at 506 (citing *Press-Enterprise I*, 464 U.S. at 510); *see also Continental Ill. Sec. Litig.*, 732 F.2d at 1308-13.

10. Tribune respectfully submits that the strong presumption of public access under the First Amendment and common law *cannot* be overcome in these circumstances, where the Affidavit is already in the possession of the news media[5] and the contents of the Affidavit—including significant material about Alderman Solis' conduct—have become a matter of public knowledge due to the Sun-Times' publications.

11. At this point in time, when the information "has become known to the members of the public, including representatives of the press" (*Continental Ill. Sec. Litig.*, 732 F.2d at 1313), there is no sense in or basis for attempting to restrict access to the Affidavit. "[W]hen information that is supposed to be confidential—whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb, *see United States v. Progressive, Inc.*, 467 F. Supp. 990, *reh'g denied*, 486 F. Supp. 5 (W.D. Wis.), *appeal dismissed*, 610 F.2d 819 (7th Cir. 1979)—is publicly disclosed . . . it necessarily remains public. . . . 'Once the cat is out of the bag, the ball game is over.'" *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n. 11 (2d Cir. 2004). To further mix metaphors, "[t]he genie is out of the bottle" and the Court "ha[s] not the means to put the genie back." *Id.* at 144.

12. *In re A Minor, Whose Name is Omitted*, 127 Ill. 2d 247 (1989), is instructive; there, a reporter obtained the name of a minor arrested in connection with a shooting and published a report using the name. Subsequently, the trial judge ordered the reporter not to

---

[5] Search warrant applications, including affidavits, are not subject to indefinite sealing; and must instead be supported by motions that justify continued sealing. *See, e.g.*, N.D. Ill. Local Crim. R. 41. Clearly, such an assertion can no longer be justified in the circumstances here, given the Sun-Times' possession of and extensive publication of the Affidavit.

disclose the minor's name. The Illinois Supreme Court reversed, holding "[t]he legitimate entry of the minor's name into the public domain thus robs the State of any argument that the court's order was 'necessary' to protect the State's interest. . . . ***It serves no purpose to shut the barn door when the horse has already fled.***" *Id.* at 269 (emphasis added). Exactly the same is true here. There simply is no longer good cause to continue to seal the Affidavit.

WHEREFORE, Tribune respectfully seeks to exercise its First Amendment and common law rights to intervene and requests that the Court lift the seal and grant Tribune access to the Affidavit.

Respectfully submitted,

By: /s/ Natalie J. Spears
One of the attorneys for
Intervenor Chicago Tribune Company

Natalie J. Spears
Gregory R. Naron
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
(312) 876-8000
natalie.spears@dentons.com

*Of Counsel:*
Karen Flax
Deputy General Counsel
Tribune Publishing Company, LLC
435 N. Michigan Avenue
Chicago, IL 60611

February 4, 2019

# CERTIFICATE OF SERVICE

I, Natalie J. Spears, an attorney, hereby certify that on February 4, 2019, I electronically filed the foregoing **CHICAGO TRIBUNE'S MOTION TO INTERVENE AND TO UNSEAL PUBLICALLY DISCLOSED 2016 SEARCH WARRANT AFFIDAVIT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Natalie J. Spears
Natalie J. Spears