IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | No. 16 MC 261 |
| | ) | |
| SUPPRESSED, | ) | Magistrate Judge Young B. Kim |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENT TO CHICAGO TRIBUNE'S MOTION TO INTERVENE AND TO UNSEAL PUBLICALLY DISCLOSED 2016 SEARCH WARRANT AFFIDAVIT**

The Court has requested that movant Chicago Tribune Company, LLC ("Tribune") supplement its motion to intervene and unseal the 2016 FBI search warrant affidavit (the "Affidavit") to disclose how Tribune came to understand the 16 MC 261 case was connected to the Affidavit sought in this motion.

1. With the utmost respect, Tribune submits the request asks Tribune to divulge its confidential newsgathering work product. *See, e.g., Hobley v. Burge*, 223 F.R.D. 499, 505 (N.D. Ill. 2004) ("research for the purpose of news reporting" is to be given no less "protection than research for the purpose of product development"; quashing subpoena to news media). Even if there were a subpoena for that information, which there is not, in addition to reporter's privileges potentially applicable under Illinois and federal common law, *see McKevitt v. Pallasch*, 339 F.3d 530, 532-33 (7th Cir. 2003); *Mem'l Hosp. v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981), any such subpoena would, given the First Amendment implications, have to be reasonable in the circumstances and more than merely relevant. *See, e.g., Hobley*, 223 F.R.D. at 505; *Patterson v. Burge*, No. 03 C 4433, 2005 WL 43240, at *3 (N.D. Ill. Jan. 6, 2005) (press could not be compelled to "turn over the fruits of its investigative efforts" based on a showing of "mere relevance"; quashing subpoenas under Fed. R. Civ. P. 45).

2.      Further, Tribune also respectfully submits that Tribune's reporters' belief and/or understanding about what case to file this motion in is not relevant to the matter before the Court. What is presently before the Court is Tribune's motion for access to a judicial document filed with this Court. As noted in Tribune's opening Motion, the press and public have a fundamental right to "adequate notice of any limitation of public access" to judicial documents and to an "adequate opportunity to be heard," via intervention, for purposes of challenging sealing orders. *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998) (recognizing right of newspapers to intervene for access).[1] As such, in the event that this case, 16 MC 216, were not the case in which the 2016 search warrant were filed, Tribune would be entitled to know which case it was, otherwise that fundamental right to be heard on sealing and public access would be thwarted.

3.      All that being said, Tribune can state in response to the Court's request that, based on publicly available information, including the *Chicago Sun Times* articles attached to the Tribune's initial motion to intervene, activity on the Northern District of Illinois PACER website, the identity of the lead prosecutor in the case, and a recent *Crain's Chicago Business*'s article, it can be deduced that this is the case in which the search warrant affidavit was filed. Specifically:

- On January 23, 2019, the Chicago Sun Times began reporting on Alderman Daniel Solis's cooperation with federal authorities, including his recording of "more than a dozen conversations" with Alderman Ed Burke. *See* "Solis secretly recorded fellow Ald. Burke to help feds in criminal investigation," *Chicago Sun Times*, Jan. 23, 2019, ECF No. 28-1 at 2.

---

[1] The press' right to intervene attaches whether access is sought under the First Amendment or common law. As noted in Tribune's motion, "in the absence of Seventh Circuit precedent," the district court in *Matter of Search of Eyecare Physicians of Am.*, concluded "that there is no first amendment right of access to an affidavit filed in support of a search warrant," instead applying the common law right of access to judicial records. 910 F. Supp. 414, 415 & n. 2 (N.D. Ill.), *aff'd*, 100 F.3d 514 (7th Cir. 1996). In affirming the district court's application of the common law right of access, the Seventh Circuit did not reach the question of whether the First Amendment applied. 100 F.3d at 517-18.

- The January 29, 2019 Chicago Sun Times article "Viagra, sex acts, use of a luxury farm: Feds detail investigation of Ald. Solis" discussed a "2016 affidavit" and notes that in 2016 a federal magistrate judge approved prosecutors' request to search Alderman Solis's homes and offices. ECF No. 28-1 at 6. This case is a 2016 case, and it is the first of six sequentially-numbered and sealed criminal "mc" cases (1:16-mc-261 - 1:16-mc-266) in which identical sealing entries appear. This would suggest, consistent with the Sun Times article, that prosecutors sought and received six separate but related search warrants in 2016 that were all on the same sealing schedules.

- The prosecutor assigned to the Alderman Ed Burke case (19 CR 1), Amarjeet Bhachu, is listed on all six of the sequentially numbered and sealed search warrant cases (1:16-mc-261 - 1:16-mc-266).[2]

- On February 4, 2019, prior to the filing of Tribune's instant motion, *Crain's Chicago Business* reported that the search warrant affidavit underlying the Sun Times' January 29, 2019 and other articles became unsealed on the docket, and this Court "reclosed the affidavit and ordered the Sun Times not to publish what was in it[.]" *See* "The story behind the Solis revelations that rocked Chicago," *Crain's Chicago Business*, February 4, 2019 at 4, attached as Ex. A.

- Consistent with the report in the *Crain's* article, the docket in this case (16 mc 261) reveals that on January 25, 2019, this Court entered a sealed order. ECF No. 26. That same sealed order did not appear in any of the other related search warrant cases.

Accordingly, the Tribune believes the Affidavit sought in this motion is connected to this case, 16 MC 261.

Respectfully submitted,

By: /s/ Natalie J. Spears
One of the attorneys for
Intervenor Chicago Tribune Company

Natalie J. Spears
Rachel M. Cannon
Gregory R. Naron
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
(312) 876-8000
natalie.spears@dentons.com

---

[2] Mr. Bhachu also appeared in court on February 7, 2019 to oppose the Tribune's motion to intervene in this case, and to request permission to file certain portions of the Government's response brief under seal so as to be able to "discuss matters that are not in the public record." 2/7/29 Transcript, attached as Ex. B.

*Of Counsel:*
Karen Flax
Deputy General Counsel
Tribune Publishing Company, LLC
435 N. Michigan Avenue
Chicago, IL 60611

February 11, 2019

# CERTIFICATE OF SERVICE

I, Natalie J. Spears, an attorney, hereby certify that on February 11, 2019, I electronically filed the foregoing **SUPPLEMENT TO CHICAGO TRIBUNE'S MOTION TO INTERVENE AND TO UNSEAL PUBLICALLY DISCLOSED 2016 SEARCH WARRANT AFFIDAVIT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Natalie J. Spears
Natalie J. Spears