UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | No. 16 MC 261 |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| SUPPRESSED, | ) | |
| Defendant. | ) | March 7, 2019 |

**MEMORANDUM OPINION and ORDER**

Before the court is the Chicago Tribune Company, LLC's ("the Tribune") motion to intervene and to unseal a search warrant affidavit. The motion presents the difficult—and thankfully, rare—question of how the court should proceed where a document properly subject to a seal order is nonetheless accessed by a member of the press. For the following reasons, the Tribune's motion is granted:

**Background**

In January 2019 it came to this court's attention that the Chicago Sun-Times ("Sun-Times") was in possession of an affidavit submitted in connection with a search warrant application in this matter, despite a court order requiring those materials to be maintained under seal. A reporter for the Sun-Times had gained access to the affidavit by exploiting a docketing error in the court's electronic filing system. As soon as the error was brought to the court's attention, the court electronically applied the seal in accordance with the order to seal, but by then the

affidavit was in the possession of the Sun-Times. In a series of articles beginning on January 23, 2019, the Sun-Times has reported on the contents of the search warrant affidavit.

In the current motion, the Tribune seeks to intervene for the limited purpose of seeking access to the search warrant affidavit. According to the Tribune, it has First Amendment and common law rights to access the subject affidavit because, in its words, "the proverbial cat is out of the bag" now that the Sun-Times is in possession of the document and has reported on its contents. (R. 28, Tribune Mot. at 1.) The government objects, arguing that there is no right to access documents related to unexecuted search warrants in the pre-indictment stage of a criminal investigation, and that even if there were, the public's interest in the fair and efficient administration of criminal proceedings outweighs any interest in accessing the sealed affidavit. The government further argues that the Sun-Times's possession of the affidavit subject to a seal order does not require the court to lift the seal, and that doing so "would create perverse incentives to engage in conduct that decidedly is not in the public interest." (R. 34, Govt.'s Resp. at 9, 12.)

## Analysis

The Tribune seeks to intervene in this case pursuant to Federal Rule of Civil Procedure 24(b)(2). That rule does not apply neatly to the question of press intervention, but the Seventh Circuit has held that it can serve as a shoehorn to bring before the court a media challenge to confidentiality orders in civil cases. *See Jessup v. Luther*, 227 F.3d 993, 997-99 (7th Cir. 2000). Although there is no

counterpart to Rule 24 under the Federal Rules of Criminal Procedure, courts have allowed intervention in criminal cases "when the potential intervenor has a legitimate interest in the outcome and cannot protect that interest without becoming a party." *United States v. Blagojevich*, 612 F.3d 558, 559 (7th Cir. 2010). Because intervention is the appropriate procedural mechanism by which the Tribune may lodge its objections to the continued sealing of the search warrant affidavit in this case, its motion is granted to the extent it seeks the opportunity to intervene. *See In re Associated Press*, 162 F.3d 503, 507-08 (7th Cir. 1998) (holding that the media should be allowed to intervene "to present arguments against limitations on the constitutional or common law right of access" to judicial documents).

Turning to the underlying substance of the motion, the Tribune argues that the search warrant affidavit should be unsealed pursuant to First Amendment and common law rights of access to criminal proceedings and court records. The Supreme Court has recognized a general, but qualified, "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). That right is rooted in both the common law and the First Amendment. *See In re Associated Press*, 162 F.3d at 506. The First Amendment right of access does not apply to all documents filed in connection with a criminal proceeding, *see United States v. Corbitt*, 879 F.2d 224, 228-29 (7th Cir. 1989), but may apply where "the place and process have historically been open to the press and general public" and where "public access plays a

3

significant positive role in the functioning of the particular process in question," *Press Enterprise Co. v. Superior Court of Cal. for the Cnty. of Riverside*, 478 U.S. 1, 8-10 (1986).

The majority of circuits that have addressed the question of whether a First Amendment right of access attaches to materials related to search warrants have concluded that no such right exists because search warrant proceedings historically have been conducted outside of the public eye. *See In re Matter of the Search of Fair Finance*, 692 F.3d 424, 472 (6th Cir. 2012); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 62 (4th Cir. 1989); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214, 1216 (9th Cir. 1989); *but see In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) (concluding that First Amendment right of access applies to search warrant materials). The Seventh Circuit has not yet directly addressed this question. But in *Corbitt*, 879 F.2d at 237, the court held that no First Amendment right of public access applies to presentencing reports, which, like search warrant affidavits, historically have not been publicly disclosed in criminal proceedings. In any event, this court will not wade into the debate over whether the Seventh Circuit would find that a First Amendment right of access applies to the search warrant affidavit because, as described below, the Tribune is entitled to the relief it seeks under the common law right of access. *See Miller v. Downey*, __ F.3d __, 2019 WL 494048, at *3 (7th Cir. Feb. 8, 2019) (noting that federal courts should avoid making "unnecessary constitutional decisions" and "refrain from answering questions broader than necessary to resolve the case or

controversy before them" (quotation and citation omitted)); *Blagojevich*, 612 F.3d at 563 ("Instead of starting with the first amendment, we think it best to start with statutes and the common law[.] A court should never begin with the Constitution.").

The Supreme Court has recognized that the public and the press have a qualified—but not absolute—common law right of access to judicial records. *Nixon*, 435 U.S. at 597-99. Because the common law right of access is qualified, the court has discretion to evaluate whether access should be allowed in light of the facts and circumstances of the particular case. *Goetz*, 886 F.2d at 64. The Seventh Circuit has recognized that the common law right of access to a warrant affidavit "is a general right held by all persons unless circumscribed by a specific court order," such as an order to seal. *In Matter of EyeCare Physicians*, 100 F.3d 514, 517 (7th Cir. 1996); s*ee also United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017) (noting that common law right of access can extend to pre-indictment search warrant depending on facts and circumstances). Where a document has been properly submitted under seal, the party seeking disclosure is required to identify a "compelling, particularized need" to show that access should be allowed. *Corbitt*, 879 F.2d at 239. If unsealing pre-indictment warrant materials could undermine an ongoing criminal investigation, the court may either maintain the seal or redact information as necessary to protect the investigation. *See Sealed Search Warrants*, 868 F.3d at 395. But the court "must be sensitive to the rights of

the public in determining whether any particular document, or class of documents, is appropriately filed under seal." *Corbitt*, 879 F.2d at 228.

The Tribune argues that what it describes as "the gloss" that *Corbitt* applies to the common law right of access requiring it as the party seeking access to show a "need" for access to a sealed search warrant affidavit does not apply here, where the affidavit was not "properly" sealed and therefore is no longer confidential. (R. 35, Tribune Reply at 7-9.) To the court's great regret, although the search warrant affidavit was at all relevant times subject to an order that should have guaranteed its protection under seal, the Tribune is correct that the subject affidavit was not at all times properly sealed. That its disclosure was the result of a docketing error that was corrected upon its discovery does not change the fact that the document was temporarily accessible to the public, and during that temporary period of accessibility the Sun-Times exploited the error and downloaded the affidavit.[1] The Sun-Times has since published extensively on the affidavit's contents. As the Tribune puts it in a collection of mixed metaphors, post-publication "the genie is out of the bottle," "the cat is out of the bag," and "the ball game is over." (R. 28, Tribune Mot. at 5.) There is no step that this court can take post-publication of the search warrant affidavit's details to regain the secrecy of the publicly disseminated information.

---

[1] Recognizing that no human-run system is perfect, in the context of the attorney-client privilege a rule has been developed allowing attorneys to "claw back" documents in certain circumstances where confidential information is inadvertently disclosed. Unfortunately, no such curative option is available in this context.

6

With that unfortunate reality at hand, the court must conclude that under the particular facts and circumstances of this case the public interest underlying the Tribune's common law right of access to the search warrant affidavit outweighs any remaining interest in the secrecy of the affidavit. *See Sealed Search Warrants*, 868 F.3d at 396. Two cases in particular inform that conclusion. In *In the Matter of Continental Illinois Securities Litigation,* 732 F.2d 1302, 1312-13 (7th Cir. 1984), a report that was produced in discovery only under seal was later admitted into evidence and discussed at a public proceeding. Although the entire report was not publicly disclosed, the court concluded that "enough of it was disclosed" to dissolve any justification to restrict further public access. *Id.* at 1313. In balancing the presumption of access against the interest in confidentiality, the court determined that privacy interests underlying a privileged report are reduced after a partial loss of confidentiality, and that after such a loss the district court did not abuse its discretion in ordering the report's disclosure. *Id.* at 1314-16. Similarly, in *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004), the court found that the district court had abused its discretion in referring to the magnitude of a confidential settlement agreement in a public order but reasoned that "however confidential it may have been beforehand, subsequent to publication it was confidential no longer." The court noted that once information that was secret is prominently disseminated, the court does not have the power "to make what has thus become public private again," because once information is public, "it necessarily remains public." *Id.* at 144 & 145 n.11.

7

The government attempts to distinguish those cases by pointing out that "the sealed document at issue in this case was never admitted in evidence or discussed in open court." (R. 34, Gov't Resp. at 10.) That is of course true, as is the distinguishing characteristic that here the court's exposure of confidential information was unintentional as opposed to intentional. But the end result—public disclosure—is the same, and that loss of confidentiality reduces the interest in maintaining secrecy, tipping the balance in favor of the Tribune's interest in accessing the document. That is especially so because here the court's sealing order is subject to a rule limiting the seal to 180 days and requiring the government to file a motion before any expiration date justifying the seal's extension. *See* N.D. Ill. L.Cr.R. 41. In other words, the applicable seal in this case was never a permanent one, and the default is for the seal to expire absent an on-going justification for secrecy.[2] *See id.* Given the extent of the public disclosure in this case, the court is unable to find that a sufficient justification exists here to overcome the Tribune's interest in accessing the document.

The court fully understands and shares the government's concern that unsealing the affidavit here provides an undesirable incentive for the press to seek out and exploit errors in the sealing process. But the common law right of access requires this court to weigh the facts and circumstances of this particular case to

---

[2] In its reply the Tribune makes unsupported assumptions about what sealed orders from this court say, including suggesting that this court *sua sponte* renewed the seal on the search warrant materials in its order dated January 25, 2019. (R. 35, Tribune Reply at 9.) The Tribune's assumptions are not grounded in facts and are inaccurate.

8

determine whether the public's right to know outweighs any remaining privacy interests in light of the Sun-Times's reporting. *See In re the Matter of the Search of Fair Finance*, 692 F.3d at 433. The court has not been advised of any facts or assertions demonstrating that certain information in the currently sealed affidavit has not yet been publicly disclosed and should remain sealed. Nor has it been advised of any specific harm that would stem from granting the Tribune's motion.

In that vein, the court has also considered whether it would be appropriate to unseal only a redacted version of the search warrant affidavit, shielding from public view any information that has not yet been published by the Sun-Times. *See, e.g., United States v. Cohen*, __ F. Supp. 3d __, 2019 WL 472577, at *5 (S.D.N.Y. Feb. 7, 2019) (allowing disclosure of search warrant affidavit with redactions to protect on-going investigation and subjects under scrutiny). But the government has neither requested that relief nor highlighted any information that has not yet been published and requires continued secrecy. More importantly, because the Sun-Times is in possession of the full affidavit, it could disseminate any as-yet unpublished information at any time. It would not make sense for the court to go through a redacting exercise that would need to be repeated anytime the Sun-Times makes additional information public. As such, the court finds that there are insufficient facts or circumstances to justify continuing the affidavit's seal now that its contents have been widely disseminated.

## Conclusion

For the foregoing reasons, the Tribune's motion is granted. Recognizing that unsealing the affidavit simultaneously with this order could render moot any potential appeal by the government, *see Constand v. Cosby*, 833 F.3d 405, 406-07 (3d Cir. 2016), the court will delay unsealing the affidavit for three business days until March 12, 2019, to allow the government to file any request for a stay pending appeal.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**